S. C. JOHNSON & SON, Inc. (a Wisconsin corporation),

v.

JOHN C. STALFORT & SONS, Inc. (a Maryland corporation).

Civ. A. No. 7005.

United States District Court
D. Maryland, Civil Division.

Nov. 3, 1954.

Richard W. Case and Semmes, Bowen & Semmes, Baltimore, Md., Thomas L. Mead, Jr., Francis C. Browne, William

E. Schuyler, Jr., and Andrew B. Beveridge, Washington, D. C., and Harold F. Greiveldinger, Racine, Wis., for plaintiff.

Thomas W. Y. Clark, Samuels & Clark, J. Wesley Everett and Gordon C. Murray, Baltimore, Md., for defendant.

THOMSEN, District Judge.

Plaintiff has registered on the Supplemental Register the trademark "Hard Gloss" for liquid polish for floors and has sued to prevent defendant from using any similar mark in connection with such polish or goods related thereto.

Defendant claims, *inter alia*, that the words "Hard Gloss" are descriptive of the finish claimed to be obtained by use of the product; that the plaintiff's use of those words is not capable of identifying its product or of distinguishing it from the liquid polish for floors manufactured or sold by others; and that the registration was improper. Defendant's counterclaim seeks a judgment canceling that registration and enjoining plaintiff from interfering with defendant and its customers in the use of the words "Hard" and "Gloss" separately and together as applying to the finish obtained by the use of defendant's product.

Plaintiff has objected to two groups of interrogatories propounded by defendant under Rule 33, Fed.Rules Civ. Proc. 28 U.S.C.A.: (a) Numbers 40–45, asking whether the product which plaintiff designates by the words "Johnson's Hard Gloss Glo-Coat" is covered by a patent or patents, and, if so, the patent numbers, etc., and whether four patents, whose numbers are given, cover said product; (b) Numbers 59–60, asking what means are employed by plaintiff which give "gloss" and "hardness" respectively to said product when properly applied to floor surfaces.

■ (a) Numbers 40–45. The diligence of counsel has discovered no case directly in point nor any closely analogous. In Kellogg Co. v. National Biscuit Co., 305 U.S. 111, at page 117, 59 S.Ct. 109, 83 L.Ed. 73, a trademark case, the Supreme Court noted that in the basic patents assigned to plaintiff the term "shredded" was repeatedly used as descriptive of the product. The fact that the patent in that case had expired gave defendants in that case certain rights which defendant in this case may not have, but does not affect the relevancy of the question whether the words alleged to constitute the trademark were used in the patents as descriptive of the product. Defendant evidently expects that if plaintiff's product is produced under a patent, the patent used the words "hard" and "gloss" as descriptive of the product or of the finish obtained by its application. Such use would be relevant to one or more of the issues framed by the pleadings, although the question of its materiality to the final decision of the case cannot be determined until the trial. Such relevancy is sufficient to support the interrogatories. 4 Moore's Federal Practice, Section 33.15, and cases cited therein. I do not believe that plaintiff will be giving away much of a secret in answering these questions. Defendant probably knows whether the product is being manufactured under the patents listed, but seeks and is entitled to make assurance doubly sure. Trade secrets are not always privileged.

■ (b) Numbers 59–60. I find that defendant is not entitled to an answer to these questions, particularly since I have required plaintiff to answer Numbers 40–45.

Counsel will prepare an appropriate order.